**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

DIAMOND DONNELL BLAIR,       )
                             )
              Plaintiff,     )
                             )
        v.                   )          No. 4:23-CV-00189 AGF
                             )
BRIAN BOYER, et al.,         )
                             )
              Defendants.    )

## MEMORANDUM AND ORDER

Before the Court is plaintiff Diamond Blair's motion for extension of time to pay the initial partial filing fee of $8.37. Plaintiff also seeks additional time to file either a response to the partial dismissal or an interlocutory appeal.

Plaintiff asserts that he did not receive the Court's August 4, 2023 Memorandum and Order and Order of Partial Dismissal until September 8, 2023. In those orders, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 and dismissed several claims and defendants from this matter. As plaintiff noted in his motion, affidavits proffered by plaintiff in support of his complaint from individuals who were not parties to this action were also struck from the record in the August 4, 2023 Memorandum and Order, as the Court does not accept discovery documents unless attached to motions or memorandum. *See* Local Rule 3.02 and Fed.R.Civ.P.7(a).

Although plaintiff states that the reason for his requests for extensions of time is that his mail was delayed for almost a month, he does not provide any explanation for the purported mail delay. He has not provided any facts as to why he allegedly received the Court's orders almost a

month after mailing, and he has not indicated that his mail was intentionally kept from him.[1] As such, he is unable to show good cause for his requests for extensions of time. The Court will nevertheless provide him with thirty (30) additional days to pay the initial filing fee of $8.37.

However, no response brief to an Order of Partial Dismissal is necessary or required. To the extent plaintiff proposes a motion to alter or amend the Court's judgment under Federal Rule of Civil Procedure 59(e), he would have to show "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.,* 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such a motion must have been filed within twenty-eight (28) days after entry of judgment. *White v. N.H. Dep't of Emp't Sec.,* 455 U.S. 445, 450 (1982).[2] Additionally, "[Federal Rule of Procedure 60(b)] provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.,* 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted).  It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris,* 193 F.3d 987, 990 (8th Cir. 1999). For the reasons stated above, motions for reconsiderations of partial dismissals are highly disfavored, and the Court will decline to provide plaintiff an extension of time to file such a motion.

---

[1] The Court takes judicial notice that plaintiff's motion was sent from Crossroads Correctional Center on September 14, 2023, and received by this Court on September 14, 2023. Thus, it took approximately three (3) days for mailing.

[2] Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. Plaintiff's complaint numbered thirty-two (32) handwritten pages, with an additional seventy-two pages of exhibits and motions, and it was brought against ten (10) defendants and numbered over ten (10) claims. It took this Court over forty (40) pages to review his assertions in depth. The Court cannot fathom that plaintiff can claim that the Court made a manifest error of law in reviewing his complaint in such depth. As noted above, Rules 59 and 60 are not intended to be used as motions for reconsideration of merit arguments.

To the extent plaintiff is seeking additional time to file an appeal, the Court will also decline to provide plaintiff such an extension.[3] Plaintiff would need this Court's permission to seek an appeal *of the entirety* of the findings in the Memorandum and Order and Order of Partial Dismissal, and no permission will be granted for such an appeal. Plaintiff, of course, would have had a right to appeal the denial of his motion for preliminary injunction, however, such an appeal would have been due in a timely manner. *See* 28 U.S.C. § 1292.

Plaintiff's request for preliminary injunction, denied on August 4, 2023, was brought to stop the named defendants, who are employed at Eastern Reception Diagnostic and Correctional Center (ERDCC) from retaliating against him in an arbitrary manner. Plaintiff also sought an order to stop defendants from transferring him into General Population at ERDCC from Administrative Segregation. The Court denied plaintiff's request for injunctive relief as moot because he was transferred to a different prison. *See Hansler v. Kelley*, 783 F. App'x 639 (8th Cir. 2019) (affirming district court's ruling that claims for prospective injunctive relief became moot when prisoner transferred to another correctional facility); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (dismissed as moot prisoner plaintiff's claim for injunctive relief to improve prison conditions because plaintiff was transferred to a different unit). The Eighth Circuit would likely find plaintiff's appeal as moot on these same grounds. *See, e.g., Forbes v. Ark. Educ. Television Commc'n Network Found.,* 982 F.2d 289 (8th Cir. 1992) (per curiam) (dismissing as moot appeal involving only question of preliminary injunction when meaningful preliminary injunctive relief was no longer possible); *Ivey v. Johnston*, 771 Fed.Appx. 690 (8th Cir. 2019) (same). Based on plaintiff's failure to show good cause and the fact that his requested injunctive relief is moot, the Court will decline to extend his time for appeal.

---

[3]As noted *supra*, plaintiff has failed to show good cause for such an extension.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for extension of time to pay the initial partial filing fee of $8.37 is **GRANTED**.

**IT IS FURTHER ORDERED** that to the extent plaintiff seeks additional time to file a motion for reconsideration of the Memorandum and Order and Order of Partial Dismissal entered on August 4, 2023, his motion for extension of time is **DENIED**.

**IT IS FURTHER ORDERED** that to the extent plaintiff seeks additional time to file an appeal of the Memorandum and Order and Order of Partial Dismissal entered on August 4, 2023, his motion for extension of time is **DENIED.**

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 22nd day of September, 2023.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

4